UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OLEG MEERSON,

    Plaintiff,

v.                                            No.3:05-cv-1186-J-12MCR

DONALD NEUFELD, etc., et al.,

    Defendants.

---

O R D E R

By Order to Show Cause (Doc.4) filed April 6, 2006, the Plaintiff was directed to show cause, in writing, why this cause should not be dismissed for want of prosecution for failure to perfect service of process on the defendants as required by Fed.R.Civ.P.4. As the Court will discuss below, Plaintiff's has not established that service has been perfected on the Defendants in this case.

In response to the Order to Show Cause (Doc.4), on April 24, 2006, the Plaintiff filed copies of five summons (Docs.5-9) with the Court. While the docket indicates that the Clerk issued five summons on January 23, 2006, none of the copies of summons filed by the Plaintiff indicate that they were signed or dated as issued by the Clerk of the Court. In addition, all five copies of summons filed on April 24, 2006, have an executed return of service and a return receipt purportedly establishing service by certified mail. However, the certified mail receipt attached to Doc. 7, the summons for Defendant Louise Germain, is not signed or initialed.

Furthermore, the Plaintiff named six Defendants in his Complaint (Doc.1) and it appears that the Plaintiff has not attempted to serve the Defendant United States Citizenship and Immigration Service. Finally, Fed.R.Civ.P. 4 (i)(1) requires service on the United States, its agencies, corporations, officers, or employees, to be effected by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or as otherwise provided in that section. The Plaintiff does not appear to have attempted to serve the United States Attorney for the Middle District of Florida as required.

As a result, the Plaintiff has not established that any of the Defendants in this action have been properly served. However, since it appears that the Plaintiff is attempting to prosecute this action, the Court will allow the Plaintiff until June 12, 2006, to establish proper service of the Complaint (Doc.1) pursuant to Fed.R.Civ.P. 4, by filing the appropriate documents with the Court.

Accordingly, it is

ORDERED:

1. Plaintiff shall have until June 12, 2006, to establish proper service of the Complaint (Doc.1) pursuant to Fed.R.Civ.P. 4, and to file the appropriate documents to establish service with the Court; and

2. Plaintiff's failure to perfect service on the Defendants and file proof of service by June 12, 2006, or to seek a further extension of time to do so shall result in the dismissal of this cause without prejudice and <u>without further notice</u> by this Court.

DONE AND ORDERED this 10TH day of May 2006.

                                                                  *Howell W. Melton*
                                         SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record